RAFAEL PAGÁN ESMORIS, Appellant, *v.* THE REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1265. Submitted May 1, 1950.—Decided May 31, 1950.

*José Sabater* for appellant.   The Registrar appeared by brief.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The appellant is the owner of an urban property, recorded in the Registry of Property of Mayagüez, and encumbered by a mortgage recorded since April 28, 1925 in favor of Jovita Esmoris Graña, an incapacitated person.   The filing of a complaint to recover said mortgage or the existence of such lien has not been recorded in the registry.

Relying on § 388–B of the Mortgage Law [1] the appellant requested the Registrar, pursuant to the last para-

---

[1] Article 388–B of the Mortgage Law, as amended by Act No. 12 of August 29, 1923, Spec. Sess., p. 36, says in part:

"Any natural or artificial person who is the owner of real estate encumbered by mortgage liens overdue for twenty (20) years or constituted for that time if they have no term, may file with the court of the district where such property, or the greater part thereof, is located, a petition requesting the cancellation of said mortgage, and the judge of said court shall order the citation of the creditor to appear in said court within ten (10) days, if it is served in the district, and within twenty (20) days, if outside the district but in the Island, and within forty (40) days, if outside of the Island, to show cause why said mortgage should not be cancelled.

graph of the afore-mentioned Section, to cancel said lien, in the absence of the above-mentioned circumstances and because more than twenty years have elapsed since its constitution.

Notwithstanding the clear language of the last paragraph of § 388–B, the Registrar refused the cancellation. He maintains that in order to do so—even after the first year said Article is in force—it is necessary to notify the creditor for otherwise, she would be deprived of her property without the due process of law.

Perhaps it might have been deprivation of property without due process of law if the Registrar had ordered the cancellation of mortgages which were constituted twenty years prior to the effective date of the Act, without giving the creditor reasonable time for filing the complaint or for proving the existence of the lien. Precisely in order to make the Act constitutional, the creditor was allowed the term of one year, counted from the effectiveness of the Act, to comply with said requisite. In the present case when § 388–B of the Mortgage Law was passed in 1923, the mortgage

---

"If on the expiration of said term the summoned creditor fails to appear, his default shall be entered, and the court shall render judgment cancelling the entry. Should said mortgage creditor appear to oppose the aforesaid cancellation, then the proceedings shall become contentious and shall be prosecuted according to the procedure established in the Code of Civil Procedure.

"Summonses to creditor shall be served as follows:

"    .    .    .    .    .    .    .    .

"If the suit is against a person under fourteen years of age residing in the island, on said minor personally, as well as on his father, mother or guardian.

"If the suit is against a person residing in the island and judicially declared insane or incapacitated to look after his own affairs, when a tutor has been appointed for such person, then on such person as well as on his tutor.

"    .    .    .    .    .    .    .    .

"On the lapse of one year from the date on which this Act takes effect and on petition of the aforesaid interested parties, registrars shall cancel the mortgage referred to in this section, without need of any notice whatever, if the filing of suit to recover the same or the subsistence of such liens is not shown in the registry."

sought to be canceled had not yet been constituted. Hence the mortgage creditor, upon constituting the mortgage, knew that it could be cancelled at the expiration of the twenty years pursuant to the last paragraph of § 338–B. Under these circumstances, it cannot be held that the creditor might be deprived of her property without due process of law, because she was not notified as is only required by the Act when the cancellation is sought before the lapse of one year since its approval.

■■ The other ground for the note is that, according to § 40 of the Code of Civil Procedure,[2] the limitation term does not run against the creditor because she is an incapacitated person. Again we do not agree with the Registrar. Article 388–B approved after § 40 of the Code of Civil Procedure, includes among its provisions the minors and incompetent and consequently, § 40 is not applicable to this special situation provided by the Act. The purpose of § 388–B of the Mortgage Law is to eliminate from the Registry those liens which because of the time elapsed since their constitution, should be assumed not to exist. *Cf. Berio* v. *Registrar*, 35 P.R.R. 398.

The note appealed from will be reversed and the mortgage cancelled.

---

[2] Section 40 of the Code of Civil Procedure provides:

"If a person entitled to bring an action, other than for the recovery of real property, be at the time the cause of action accrued, either:

"1. Within the age of majority; or

"2. Insane; or,

"'3. Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life; or,

"4. A married woman, and her husband be a necessary party with her in commencing such action.

"The time of such disability is not a part of the time limited for the commencement of the action."